**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3319-22

XINAN YAN and XIAOYING
WU,

    Plaintiffs-Appellants,

v.

PHYLLIS M. CHASE,

    Defendant-Respondent.

_____

Argued November 6, 2024 – Decided November 18, 2024

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0618-21.

Xinan Yan and Xiaoying Wu, appellants, argued the cause pro se.

John J. Gentile argued the cause for respondent.

PER CURIAM

Plaintiffs Xinan Yan and Xiaoying Wu, pro se, appeal the trial court's order granting summary judgment dismissing their complaint. The trial court

found plaintiffs failed to meet their burden to sustain a personal injury lawsuit for non-economic loss sustained in a motor vehicle accident because they presented no evidence of an enumerated injury or permanent injury as required by N.J.S.A. 39:6A-8(a). Plaintiffs appealed, arguing that the trial court misapplied the law in granting summary judgment. We affirm.

I.

We obtain the salient facts from the record. On March 29, 2019, at 2:26 p.m., plaintiffs were driving southbound on Route 27 in Franklin Township. Xiaoying Wu was a passenger in a car operated by her husband, Xinan Yan. Defendant Phyllis Chase attempted a right turn onto Route 27 from a commercial parking lot, striking plaintiff's vehicle, which had the right of way. Plaintiffs were named insureds in an automobile policy which was subject to the limitation on lawsuit, or "verbal" threshold. The verbal threshold requires a plaintiff to prove a permanent injury under N.J.S.A 39:6A-8(a) to recover damages.

Plaintiffs sued defendant for damages, each alleging permanent injury. Xinan Yan also brought a per quod claim.

In discovery, the only medical report plaintiffs produced was the report of Dr. Ari Cohn, D.C. Dr. Cohn treated plaintiffs between July 19, 2019 to March

16, 2020.[1] Dr. Cohn's report stated in pertinent part, "[i]t is my professional opinion that with a reasonable degree of medical certainty that due to the chronic nature and the recurring nature of [plaintiffs'] condition that [his/her] condition is permanent."

After discovery, defendant moved for summary judgment, contending plaintiffs' complaint should be dismissed as a matter of law because plaintiffs failed to show permanent injuries under N.J.S.A. 39:6A-8(a). The trial court issued an order granting the motion over plaintiffs' written opposition, making findings. The court stated:

> [E]ven when all . . . competent evidence in the motion record is viewed in the light most favorable to [p]laintiffs, the [c]ourt finds that [p]laintiffs cannot demonstrate as a matter of law that either plaintiff sustained a permanent injury within a reasonable degree of medical probability. Accordingly, the [c]ourt grants summary judgment to [defendant] and dismisses [p]laintiffs' [c]omplaint with prejudice.

Plaintiff appealed, contending the trial court erred in its application of our summary judgment standard and in its interpretation of our well-settled verbal threshold jurisprudence.

---

[1] Plaintiffs were also treated for their injuries by two other medical providers: Dr. Zhuping Chang and the Jersey Rehabilitation Clinic. Treatments by Dr. Chang and the clinic took place between June 16 and November 8 of 2021. Plaintiffs produced no report from them in opposition to summary judgment.

II.

We review a grant of summary judgment de novo, Gilbert v. Stewart, 247 N.J. 421, 442 (2021), applying "the same standard as the trial court," State v. Perini Corp., 221 N.J. 412, 425 (2015); see also Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 124-25 (2023). Summary judgment is proper if the record demonstrates "'no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law.'" Burnett v. Gloucester Cnty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 228 (App. Div. 2009) (quoting R. 4:46-2(c)). A court must view the motion record in a light most favorable to the non-moving party, here plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995). We employ a summary judgment analysis when we consider verbal threshold cases where defendant alleges that plaintiff's injuries "do not fit any of the verbal threshold categories." Oswin v. Shaw, 129 N.J. 290, 294 (1992).

III.

N.J.S.A. 39:6A-8(a) states in pertinent part:

> [T]he plaintiff shall . . . provide the defendant with a certification from the licensed treating physician or a board-certified licensed physician to whom the plaintiff was referred by the treating physician. The certification shall state, under penalty of perjury, that the plaintiff has sustained an injury described above.

4

> The certification shall be based on and refer to objective clinical evidence, which may include medical testing, except that any such testing shall be performed in accordance with medical protocols . . . .

Dr. Cohn's report does not satisfy the express terms of N.J.S.A. 39:6A-8(a). Because we view the summary judgment motion record in the light most favorable to plaintiff as required by Rule 4:46-2 and Brill,[2] we only consider Dr. Cohn qualified as a licensed treating physician authorized to write a report under the statute for purposes of our analysis. Dr. Cohn's nearly identical thirteen-line report for each plaintiff contains: a short recitation of their pain symptoms on presentation; a brief description of the nature and duration of the treatment provided; and the observation that, for each plaintiff, pain symptoms returned after initial rounds of treatment. Our review of Dr. Cohn's two medical reports, the only portions of the record which could support plaintiffs' claims, reveal no objective clinical evidence to support their allegations of permanency as defined by the statute.[3]

---

[2]  Brill, 142 N.J. at 540.

[3]  N.J.S.A. 39:6A-8(a) defines permanent injury this way: "[a]n injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." At oral argument, the pro se plaintiffs carefully described their injuries in detail, describing ongoing pain and discomfort. Because we intend

We conclude, after a thorough review of the record, that the trial court correctly applied the law and properly dismissed plaintiffs' complaint for failure to meet the lawsuit limitation threshold under N.J.S.A. 39:6A-8(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

no disrespect and understand that pro se parties may not distinguish between evidence submitted to the trial court in opposition to summary judgment and their argument before us, we remind the parties that our decision is grounded in the record before the trial court.  See R. 2:5-4.